## CHARLES W. WALKER *vs.* JOHN PENNIMAN.

In an action on an agreement to pay a debt contracted by another, the jury were instructed that whether the case was within the statute of frauds depended on the question whether the defendant's contract was new and original, or a mere promise to pay the existing debt of another and collateral; and that if the evidence satisfied them that at the time of the defendant's promise to pay the amount to the plaintiff, it was also agreed that the claim against the original debtor should be cancelled and given up to him, and it was so cancelled and given up in pursuance of such agreement, "it would constitute a good consideration, not within the statute of frauds." *Held,* that the defendant had no ground of exception.

The question whether a verdict is against evidence cannot be raised upon a bill of exceptions.

ACTION OF CONTRACT to recover $238.25, "which the defendant promised to pay the plaintiff, in consideration that he would enter into his employ in the making and repairing of piano

20 *

fortes." Answer, a denial of the promise; and the statute of frauds.

At the trial in the superior court of Suffolk at January term 1856, before *Huntington,* J., the plaintiff introduced evidence that before the 8th of September 1853 the defendant had been in the habit of furnishing stock to one Hamblin to make pianofortes, and, when they were finished, advancing the money for the labor, and taking bills of sale of them; that on said 8th of September two pianofortes were finished, and in the depot for sale, and the plaintiff threatened to attach them, or assert a lien for his work upon them, unless a note for $238.25, then due from Hamblin to him for labor, (with which note and labor the defendant was in no way connected,) was paid; and that it was then agreed between the plaintiff and the defendant, in the presence of Hamblin, that the plaintiff should finish up all the unfinished work for the defendant, and be paid the same prices which the defendant was then paying Hamblin; and the defendant agreed " that if the plaintiff would go on and finish up the instruments, the defendant would pay him the amount of the note," to which the plaintiff consented, and agreed to give up the note and abandon all claim on Hamblin, and afterwards did give up the note.

The bill of exceptions, after reciting this evidence and some testimony introduced by the defendant, stated that " there was other evidence in the case, which the defendant and the plaintiff respectively relied on to maintain the issues raised."

The defendant's counsel, in his closing argument to the jury, contended " that the evidence, as reported, even if the jury believed it to be true, was not sufficient to bind the defendant to pay the note; and that it proved no such consideration between the parties, as would take the case out of the statute of frauds."

The court declined so to rule; and instructed the jury " that whether the case was within the statute of frauds, or not, depended upon whether the contract between the parties was a new and original one, or a mere promise to pay the existing debt of another, and collateral; that giving up some advantage or submitting to some loss would be sufficient to create an

original contract; that it was for them to determine, upon the evidence, what the agreement was between the parties; and that if the evidence satisfied them that the plaintiff, at the time of the alleged contract, agreed to give up his claim against Hamblin, and the defendant promised on his part to pay the amount to the plaintiff, and if it was also at the same time agreed that the due bill should be cancelled and given up to Hamblin, and if it was so cancelled and given up in pursuance of such agreement, it would constitute a good consideration, not within the statute of frauds."

The jury found a verdict for the plaintiff, and the defendant alleged exceptions.

*S. C. Maine,* for the defendant.

*J. Q. A. Griffin,* for the plaintiff.

Merrick, J.    The principal, and perhaps the only question, which can be considered as fairly arising upon the bill of exceptions in this case, relates to the instructions given to the jury concerning the statute of frauds, so far as its provisions are applicable to the contract set forth in the declaration, and the evidence by which it was attempted to be proved at the trial. No action can be brought to charge any person upon a mere oral promise, of which no written note or memorandum has been made, to answer for the debt, default or misdoings of another. Rev. Sts. *c.* 74, § 1.   If, therefore, the agreement of the defendant was simply to answer for or to pay the debt which was due from Hamblin to the plaintiff, it was a contract which the provisions of the statute will not permit to be enforced. But if, for a good and sufficient consideration, the defendant assumed and took upon himself the debt which Hamblin had before owed to the plaintiff, and promised to pay it, and Hamblin was thereby, and as a part of the agreement between the parties, released and discharged from all liability upon his note, then the promise of the defendant was a promise to pay his own debt, and not the debt of another person, and an action at law may well be maintained upon it.

The instructions given to the jury appear to us to recognize and to have been framed substantially in accordance with this

distinction. They are not very plainly or accurately stated in the bill of exceptions; but the import and meaning of them, we think, cannot be mistaken. The jury were, in substance and effect, advised that the sufficiency of the defence depended upon the decision first to be made upon the question whether the promise of the defendant was a mere collateral undertaking to pay the debt of another person, or constituted one part of a new, original and independent contract between the parties; and that if, in pursuance of their mutual agreement, the indebtedness of Hamblin upon his promissory note to the plaintiff was cancelled, released and extinguished, and the defendant, for a good consideration, such as some loss or disadvantage submitted to by the plaintiff therefrom, promised the plaintiff to pay him the amount of said note, this would be a contract not within or affected by the statute of frauds. The precise language of the presiding judge was, that it would be "a good consideration, not within the statute;" but considering the connection in which that word is used, and the explanation of which it is a part, it is obvious that he was defining what he had just before spoken of as a new and original contract. Taking this view of the instructions, we think the law was properly stated and explained to the jury, and that there is no ground for the exceptions taken by the defendant.

It has been urged further, as a cause for setting aside the verdict, that there is a substantial variance between the allegation in the declaration, and the evidence given upon the trial in support of it; that the contract set forth in the declaration is absolute in its terms, while that which was proved was conditional. This is substantially a motion to this court to interpose and set aside the verdict because the verdict is against the evidence, a course of proceeding which is not admissible upon a bill of exceptions. Exceptions are to be allowed whenever a party is aggrieved by any opinion, direction or judgment of the court in matter of law; but not when he conceives that the jury have misapplied or have erroneously given an unjust or inadmissible effect to the evidence. Rev. Sts. c. 82, § 12.

There are other answers, however, to this objection, which, if

it were necessary to resort to them, would seem to be quite decisive against it. The whole evidence which was submitted to the jury is not now before this court; for the bill of exceptions, after reciting a portion, and, it may be, the least material part, of that which was introduced upon the trial, adds, that " there was other evidence in the case, which the defendant and plaintiff respectively relied on to maintain the issues raised." It is impossible, therefore, for the court here to see that the jury erroneously found that the allegations of the declaration were proved by the evidence laid before them; it does not possess all the means which are indispensable to the formation of an opinion upon the subject. But further, in looking at the part of the evidence which is reported, it appears to us to have a very strong tendency to establish the proposition which the plaintiff attempted to maintain; and we are not prepared to say that it was not fully sufficient to support it.    *Exceptions overruled.*